[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: PLAINTIFF'S MOTION TO MODIFY TEMPORARYORDERS (#148) AND DEFENDANT'S MOTION TO RESTRAIN (#155)
The plaintiff's motion is based on her decision to move to Greenwich, vacating the marital residence located in Weston. The defendant had vacated the marital home in December, 1995. On December 18, 1995 the parties made an agreement concerning the children, and the payment of expenses. The defendant agreed to pay directly to the creditor.
 "1. Mortgage 2. RE Taxes 3. Home Fuel 4. Home Electricity 5. Home Propane 6. Water 7. Telephone (maximum $200 per month) and car phone (maximum $50 per month) 8. Trash 9. Cable 10. Gas/Oil and Repairs to Van and Lexus 11. Auto Insurance 12. Home Insurance 13. Medical Insurance (for family) 14. Uninsured Medical and Dental 15. Household Expenses for Repairs 16. AuPair 17. Cleaning Lady 18. Alarm Fence 19. Landscaping/Snow 20. Dry Cleaning 21. Rental Home 22. Children's Tutor/Lessons 23. Pool Service CT Page 5256-GGGGGG 24. Children's Reasonable Clothing"
The defendant agreed to pay $2,250 per month as child support. They further agreed that $150,000 would be withdrawn from the defendant's brokerage account and shared equally. Each party would utilize $8,500 for litigation costs. The parties agreed to consider the withdrawal as a lump sum distribution. The defendant agreed to pay vacation expenses for the plaintiff and children not to exceed $10,000 annually.
In January, 1996 the marital home was listed for sale. After six months of exposure with many showings the property remains unsold.
The plaintiff discussed her plan to move with the defendant over several months. By letter dated March 9, 1996 the defendant advised the plaintiff he was against moving the children "out of Weston right now" (Plaintiff's Exhibit #2). He requested that her move be delayed until July 1, 1996. The arrangement that has been in place allows the defendant to have the children overnight during the week as well as on weekends. Although his main office is in New York City, he has made arrangements to work from a Connecticut office at least once weekly. The defendant took a short term rental but then committed himself to a house rental in Weston for a year, commencing July 1, 1996 by lease dated June 9, 1996 (Plaintiff's Exhibit #10). By motion dated June 3, 1996 the defendant seeks an order enjoining the plaintiff from relocating the residence of the children outside the marital residence located in Weston and to enjoin her from changing the school enrollment of the children from their current schools.
The first difficulty with the defendant's request is its failure to recognize that the Weston property previously occupied by the family is no longer occupied by either the plaintiff or the defendant. The court finds that it is not in the best interests of the parties' children to be anchored to an arbitrary location. The defendant was well aware of the plaintiff's plans yet delayed filing his present motion until June. Dr. Kruger, Ph.D who has been seeing the children suggested to the plaintiff that she delay her move, which he was aware of since the winter, until the end of the school year. He also discussed creating an alternate visitation schedule if the plaintiff did move to Greenwich. The defendant has failed to prove that the children will be adversely affected by moving to Greenwich. He has created his own hardship by renting a house in Weston, rather than in the Greenwich area. CT Page 5256-HHHHHH The court also notes that the family moved to Weston from New Jersey in the summer of 1993.
The references to the plaintiff's boyfriend residing in Greenwich the court finds to be a red herring. How the plaintiff handles her relationship with her boyfriend will not be determined by street or town location, but rather how she allows it to affect the children. The defendant's motion to enjoin is denied.
The court finds the joint decision to sell the former family home, and the creation of a new residence for each party are changes sufficiently substantial to require review of the prior orders. The plaintiff's motion is granted.
The defendant called his branch manager of the 200 Park Avenue office of Paine Webber to explain that defendant is compensated solely by commissions. This office had previously been operated by Kidder, Peabody until January 30, 1995 when Paine Webber bought the business. To induce the defendant to remain in the office the defendant was loaned $904,371 without interest with 25% of the loan forgiven on January 30 of each of the succeeding four years. The initial $226,093 was forgiven on January 30, 1996, creating an income tax liability which was anticipated by withholding over the prior 12 months (cf. Defendant's financial affidavit dated 12/1/95, filed 12/18/95). The witness was candid, cooperative and polite but, unfortunately, was unable to explain the payroll bookkeeping involving the defendant's loan reduction. The defendant acknowledged that his December affidavit was inaccurate. The court observes that the note provides for forgiveness of 1/48 of the debt for each month of service should the employer terminate the defendant's employment except for cause.
Without considering the forgiven debt, the defendant has, through June 15, 1996, gross earnings of $400,656. Further, the court is not satisfied with the defendant's explanation as to why $23,367 is being deducted monthly as "loan" without clarifying where the money is held. The defendant is due to receive a second forgiveness next January. The 1996 forgiveness, net of taxes, is income to the defendant, in the opinion of this court.
The court finds that the plaintiff is entitled to a modification of the pendente orders.
1. The defendant shall continue to pay the following expenses to the creditor for 4 Lyons Plains Road: CT Page 5256-IIIIII
 1. Mortgage Installments 2. Real Estate Taxes 3. Utilities and Heat 4. AuPair 5. Homeowner's Insurance 6. Medical Insurance for the family 7. Uninsured medical deductibles and bill balances for medical expenses submitted and allowed by his, carrier. 8. Yard Maintenance and Snow Removal 9. Auto Insurance
2. The defendant shall continue to pay $2,250 per month to the plaintiff as child support.
3. The exclusive use of the family home order is vacated. The defendant is ordered to protect the property's insurance or he shall pay any surcharge if the property is to be insured as a vacant house.
4. The defendant shall pay to the plaintiff as periodic temporary alimony the sum of $15,000 monthly. The plaintiff shall be responsible for her living expenses not allocated to the, defendant in Order #1 supra. First payment shall be on September 5 and on the fifth day of each month thereafter.
5. The defendant shall pay the sum of $10,000 to the plaintiff on or before September 1, as vacation allowance for the ensuing 12 months solely for family vacations with the children.
6. The children's custody and visitation arrangements, if not agreed between the parties are referred to the Family Relations Office for assistance but this order is not intended to preclude private counsellors.
7. The plaintiff is ordered to cooperate with the defendant and the holder of the mortgage on the Weston home to permit amendment to same as negotiated by the defendant to avoid the balloon payment.
So ordered.
HARRIGAN, JUDGE CT Page 5256-JJJJJJ